## L. DEON v. THE STATE.

COUNTY COURT. — Under the present Constitution, and the County Court Act of 1876, a prosecution cannot be instituted in the County Court by means of an affidavit, without an information. An affidavit is futile unless followed by an information, and an information void unless based upon an affidavit.

APPEAL from the County Court of Orange. Tried below before the Hon. J. P. HILTON, County Judge.

No brief for the appellant.

*W. B. Dunham*, for the State.

WINKLER, J. One of the grounds set out in the motion in arrest of judgment is: "Because there was no information or indictment filed against the defendant in this cause." The motion was overruled, and the accused took a bill of exceptions to the ruling of the court. An inspection of the record discloses the fact that no information was filed. The Constitution provides that prosecutions may be commenced in the County Courts "by information filed by the county attorney, or by affidavits as may be provided by law." Art. 5, sec. 17. In pursuance of this provision the Legislature, at its first session after the adoption of the Constitution, provided as follows (County Court Act 1876, p. 20, sec. 8): "Prosecutions in the County Court may be com-

menced by information in writing, which information shall comply with article 403, part iii, title four, chapter three, of the Code of Criminal Procedure, filed with the county clerk by the district or county attorney; which information shall be based on the affidavit of some credible person, which shall be filed with the information, or by an affidavit made by some credible person before the clerk of the County Court, the county judge, or the county or district attorney, or justice of the peace, and filed with the county clerk, upon which an information shall be prepared by the district or county attorney, and filed with the county clerk before the case shall be called for trial; which information or affidavit shall charge the accused with some offense of which the County Court has jurisdiction."

From the foregoing extract from the statute it will be seen that, where a prosecution is commenced in the County Court by information, the information must be based upon an affidavit, and, when commenced by affidavit, the affidavit must be followed by an information filed before the case is called for trial; so that in either case both are indispensable.

This prosecution is attempted under one of the *provisos* of the 4th section of the act of 1876 (Gen. Laws 1876, p. 228), which provides for the employment and hiring of county convicts, and in which it is provided " that, in case any convict shall escape from his employer, he shall be deemed guilty of an offense, and, if recaptured, he shall, upon conviction by any court of competent jurisdiction, be fined," etc.

For the lack of an information as required by the statute, the court should have arrested the judgment and discharged the accused, unless he had been held for further proceedings under the law.

The judgment of the County Court rendered in this case is reversed, and the prosecution is dismissed.

*Reversed and dismissed.*